IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS


BONNIE MITCHELL,

        Plaintiff,

vs.                                 **Case No. 12-2163-RDR**

FARMERS CASUALTY INSURANCE
COMPANY,

        Defendant.

## MEMORANDUM AND ORDER

This is a breach of contract action removed from state court. Bonnie Mitchell claims that (1) she insured her residence at 2914 N. Michigan in Pittsburg, Kansas against loss by fire or other hazards with Farmers Casualty Insurance Company on or after March 1, 2011; (2) her residence was destroyed by fire on June 28, 2011; and (3) Farmers Casualty Insurance Company has refused to pay for her loss in accordance with the insurance contract. This matter is presently before the court upon Farmers' motion to dismiss pursuant to Fed.R.Civ.P. 12 and 17. Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

In its motion, Farmers contends that this action should be dismissed because Mitchell is not the real party in interest under Fed.R.Civ.P. 17(a). Farmers asserts that the insurance policy issued for the property located at 2914 N. Michigan in Pittsburg, Kansas was issued to Bonnie Scales, not Bonnie Mitchell. On February 16, 2012, Farmers conducted an examination under oath of

Mitchell.  At that time, Mitchell indicated that her full name was Bonnie Gordon.  She further indicated that she was not presently married, but she had previously been married to David Scales.

Mitchell has responded that she is the same person as Bonnie Gordon and that she is the insured for the insurance policy in question in this case.  She has filed an affidavit in which she avers that (1) she had her counsel file this action under the name of Mitchell because she was intending to get married when the action was filed on February 6, 2012 in the District Court of Crawford County, Kansas; (2) her proposed wedding was postponed on February 16, 2012, and her last name remained Gordon; and (3) she was married on March 31, 2012, and her last name became Mitchell.

Farmers filed a reply in which it indicated that it had conducted some research and it had failed to discover a marriage license or certificate issued to Mitchell.  Farmers indicated that it had been unable to obtain a marriage certificate from the court clerks in the Girard and Pittsburg offices of the District Court of Crawford County or the Kansas Department of Health and Environment.

Farmers has suggested that its motion is brought pursuant to Fed.R.Civ.P. 12 and 17.  It has not specifically indicated under what subsection of Rule 12 the motion is asserted.  The court believes that the motion is properly brought under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  <u>See</u> 6A Wright, Miller & Kane, <u>Federal Practice and Procedure</u> § 1554, at

557-58 (2010); <u>Classic Communications v. Rural Telephone Serv.</u>, 956 F.Supp. 910, 916 (D.Kan. 1997) (recognizing that the real party in interest defense can be raised as a motion to dismiss for failure to state a claim by stating, in effect, that the motion should be granted because plaintiff is not the person who should be bringing suit).

In ruling on a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the court assumes as true all well-pleaded facts in plaintiff's complaint and views them in a light most favorable to plaintiff. See <u>Zinermon v. Burch</u>, 494 U.S. 113, 118 (1990); <u>Swanson v. Bixler</u>, 750 F.2d 810, 813 (10th Cir. 1984). To survive a motion to dismiss under Rule 12(b)(6), a complaint must present factual allegations that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555, 570 (2007); <u>see also Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009). The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief. <u>Robbins v. Oklahoma</u>, 519 F.3d 1242, 1247–48 (10th Cir. 2008). "'Plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the [plaintiff 'has] not nudged [his] claims across the line from conceivable to plausible.'" <u>Id</u>.

(quoting Twombly, 550 U.S. at 570).  Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."  Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007).

Rule 17(a) contemplates dismissal of a plaintiff who is not a real party in interest:  "every action shall be prosecuted in the name of the real party in interest."  The real party in interest for a cause of action is the party that "has a substantive right that is enforceable under the applicable law."  King Grain Co. v. Caldwell Mfg. Co., 820 F.Supp. 569, 571 (D.Kan. 1993).  Under Kansas law, there must be privity of contract between the parties to maintain a breach of contract action.  State ex rel. Stovall v. Reliance Ins. Co., 278 Kan. 777, 107 P.3d 1219, 1230 (2005).  "Privity of contract is that connection or relationship which exists between two or more contracting parties.  It is essential to the maintenance of any action on a contract that there be privity between the plaintiff and the defendant in respect to the matter sued on."  Id.

At this point, the court is persuaded that Mitchell has demonstrated a reasonable likelihood of mustering factual support for her contention that she is the real party in interest in this

4

case. Mitchell has produced sufficient information that she is the insured on the insurance policy at issue in this case. As a result, the court must deny Farmers' motion to dismiss. The court recognizes that additional evidence might be helpful in ultimately deciding this issue, but Mitchell has made sufficient allegations to avoid a motion to dismiss. Farmers can pursue this issue if it desires and seek summary judgment on it.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Doc. # 8) be hereby denied.

**IT IS SO ORDERED.**

Dated this 26th day of April, 2012 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge